KELLUM, Judge.
 

 The appellant, Broderick Taylor, appeals from the circuit court’s revocation of his probation. The record indicates that on December 4, 2002, Taylor was convicted of assault in the second degree. The circuit court sentenced Taylor to 10 years’ imprisonment; however, that sentence was suspended, and Taylor was placed on 5 years’ supervised probation. Further, Taylor was ordered to pay restitution and other court-ordered moneys.
 
 [1]
 

 On July 15, 2003, Taylor’s probation officer at the time filed a petition seeking the revocation of Taylor’s probation based on new criminal charges of assault in the second degree, escape in the first degree, and resisting arrest. While out on bond awaiting a probation-revocation hearing, Taylor was arrested in 2006 and 2008 on new criminal charges of discharging a gun into an unoccupied building and two counts of “complicity assault.” On March 2, 2009, Taylor’s new probation officer filed an amended petition seeking revocation of Taylor’s probation, based on Taylor’s arrest in 2006 and 2008 on new criminal charges and based on Taylor’s failure to pay court-ordered moneys relating to the 2002 conviction.
 

 On March 23, 2009, the circuit court conducted a probation-revocation hearing. At the revocation hearing, Nancy Jones, Taylor’s probation officer at the time of the hearing, testified, in pertinent part, that Taylor had paid $300 in court-ordered
 
 *289
 
 moneys as of the date of the revocation hearing. According to Jones, Taylor was ordered by the circuit court to pay $5,518.70. Jones testified that Taylor still owed $5,218.70 at the time of the revocation hearing. Taylor’s last payment of court-ordered moneys was on September 3, 2004. Testimony indicated that the terms and conditions of Taylor’s probation included the payment of court-ordered moneys. Taylor was also informed how much to pay each month and when each monthly payment was due.
 

 Following the revocation hearing, the circuit court entered an order on March 28, 2009, revoking Taylor’s probation. The order stated that the court was reasonably satisfied from the evidence presented at the hearing that Taylor had violated the terms and conditions of his probation by failing to pay his court-ordered moneys as provided for in his probation order. This appeal followed.
 

 Taylor’s sole contention on appeal is that the circuit court’s refusal to inquire into the reasons for his failure to pay court-ordered moneys requires a remand of this case.
 

 In
 
 Bearden v. Georgia,
 
 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the United States Supreme Court reversed the judgment of the trial court, which revoked the appellant’s parole for failure to pay fines and restitution without first determining that he had the ability to pay. The
 
 Bearden
 
 Court held:
 

 “We hold, therefore, that in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures to punishment other than imprisonment.”
 

 Id.,
 
 461 U.S. at 672, 103 S.Ct. 2064.
 

 In
 
 Snipes v. State,
 
 521 So.2d 89, 90 (Ala.Crim.App.1986), this Court, citing the Supreme Court’s decision in
 
 Bearden
 
 held:
 

 “that where payment of court costs and supervision fees is made a condition of probation, a defendant’s probation may not be revoked because of his failure to pay without the court’s finding, supported by the evidence, that the defendant willfully refused to pay; that he failed to make sufficient bona fide efforts to pay; or, in the event of a showing of sufficient efforts to pay, that alternate measures to punish and deter are inadequate. No such finding was made in this case.”
 

 In the instant case, it is undisputed that Taylor failed to pay court-ordered moneys; however, the specific type of court-ordered moneys Taylor failed to pay is unclear. Regardless, under the Supreme Court’s holding in
 
 Bearden
 
 and this Court’s holding in
 
 Snipes,
 
 the circuit court is required to inquire into the reasons for Taylor’s failure to pay his court-ordered moneys and to make appropriate findings.
 
 [2]
 

 In the instant case, the circuit court based its decision to revoke Taylor’s probation solely on Taylor’s failure to pay court-ordered moneys, without making specific findings. Thus, the circuit court’s
 
 *290
 
 order fails to make the specific determinations and findings, supported by the evidence, that Taylor willfully refused to pay; that he failed to make sufficient bona fide efforts to pay; or, in the event of a showing of sufficient efforts to pay, that alternate measures to punish and deter are inadequate, as required by this Court in
 
 Snipes
 
 and Rule 26.11(i), Ala. R.Crim. P. “In revocation proceedings for failure to pay fines, restitution, court costs, or supervision fees, the trial court should inquire into the reasons for the failure to pay and make specific determinations and findings in accordance with
 
 Bearden v. Georgia.” Snipes,
 
 521 So.2d at 91.
 

 The State argues that the circuit court did not err in failing to make an inquiry into Taylor’s reasons for not paying his fines and restitution because Taylor was not indigent. A careful reading of Rule 26.11(i) does not support the State’s argument. Rule 26.11(0 provides, in pertinent part:
 

 “(1) Incarceration shall not automatically follow the nonpayment of a fine or restitution. Incarceration should be employed only after the court has examined the reasons for nonpayment. After consideration of the defendant’s situation, means, and conduct with regard to the nonpayment of the fine and/or restitution, the court shall determine the period of any incarceration in default of payment of the fine and/or restitution, subject to the following limitations:
 

 “(i) In no event shall such period of incarceration exceed one (1) day for each fifteen • dollars ($15.00) of the fine.
 

 “(ii) If the fine was imposed in connection with a felony, the period of incarceration may not exceed one (1) year.
 

 “(iii) If the fine was imposed in connection with a misdemeanor or municipal ordinance violation, the period of incarceration may not exceed one-third (1/3) of the maximum term of incarceration authorized for the offense.
 

 “(iv) If, at the time the fine was imposed or the restitution was ordered, a sentence of incarceration was also imposed, the aggregate of the period of incarceration imposed pursuant to this rule and the term of the sentence originally imposed may not exceed the maximum term of imprisonment authorized for the offense.
 

 “(2) In no case shall an indigent defendant be incarcerated for inability to pay a fine or court costs or restitution.”
 

 Based on the plain language of Rule 26.11(i), we conclude that subsection (1) applies to both indigents and nonindigents alike. Indeed, if subsection (1) applied only to indigents, then the provisions contained in subsection (2) — applying specifically to indigents — would have been part of subsection (1). Given this distinction in Rule 26.1 l(i), it was therefore incumbent on the circuit court to make an inquiry into Taylor’s reasons for not paying his fines and restitution before revoking his probation solely on that ground.
 

 Based on the foregoing, the judgment of the circuit court is reversed and the case remanded.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WINDOM and MAIN, JJ., concur.
 

 WELCH, J., concurs in the result.
 

 [1]
 

 . It is unclear from the record how much of the court-ordered money was designated for the crime victims compensation fund, for restitution, and for court costs.
 

 [2]
 

 . Since the release of the decisions in
 
 Bearden
 
 and
 
 Snipes,
 
 the Alabama Supreme Court, pursuant to its rule-making authority, adopted Rule 26.11, Ala. R.Crim. P., setting out the trial court’s duties in cases when a defendant fails to pay his or her fine or restitution.